Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**John Arthur Balko**

Case No. **25-44235**
CHAPTER 13 PLAN ☑ Modified
Dated **August 5, 2026**

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br><br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $ **1,680.00** (including balance on hand of $ **1,555.52** ).

2.2 After the date of this plan, the debtor will pay the trustee $ **48,760.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $920.00 | 08/2026 | 12/2030 | 53 | $48,760.00 |
| | | | PART 2.2 SUBTOTAL: | $48,760.00 |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **NONE** .
2.5 The debtor will pay the trustee a total of $ **50,440.00** [lines 2.1 + 2.2 + 2.4].
2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out, and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **5,044.00** [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of Property |
|---|---|---|

Local Form 3015-1
REVISED 09/2025

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | *+ amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **5.1** | **Rocket Mortgage** | **4435 Baker Rd, Minnetonka MN 55343<br><br>Debtor's Residence** | **$36,050.34** | **0.00%** | **08/2026** | **Pro Rata** | **Pro Rata** | **$36,050.34** | **$0.00** | **$36,050.34** |
| **5.2** | **US Dept. of Urban Development** | **4435 Baker Rd Minnetonka, MN 55343<br><br>Debtor's Residence** | **$1.00** | **0.00%** | **08/2026** | **Pro Rata** | **Pro Rata** | **$1.00** | **0.00** | **$1.00** |
| | | | **Current installment payment** | **Disbursed by:** | | | **Remaining trustee installment payments** | | ***+ amount paid to date by trustee (mod. plan only)*** | **Total trustee installment payments** |
| | | | **$2,135.00** | **☑ Debtor<br>☐ Trustee** | | | **$** | | **$** | **$0.00** |

**TOTAL: $36,051.34**

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6.1 | -NONE- | | | | ☐ | | | | | | |

TOTAL: **$0.00**

Local Form 3015-1
REVISED 09/2025

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7.1 | -NONE- | | | ☐ | | | | | | |
| | | | | | | | | | TOTAL: | |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | **Creditor** | **Claim amount** | **Beginning in MM/YY** | **Monthly payment** | **# of payments** | **Remaining payments** | ***+ amount paid to date by trustee (mod. plan only)*** | **= Total payments** |
|---|---|---|---|---|---|---|---|---|
| **8.1** | **Attorney Fees** | **$4,085.86** | 08/2026 | **$817.17** | 5 | **$4,085.86** | **$0.00** | **$4,000.00** |
| **8.2** | **Carver County District Court** | **$400.00** | 08/2026 | **Pro Rata** | **Pro Rata** | **$400.00** | **$0.00** | **$400.00** |
| **8.3** | **Internal Revenue Service** | **$1.00** | 08/2026 | **Pro Rata** | **Pro Rata** | **$1.00** | **$0.00** | **$1.00** |
| **8.4** | **MN Dept of Revenue** | **$1.00** | 08/2026 | **Pro Rata** | **Pro Rata** | **$1.00** | **$0.00** | **$1.00** |
| | | | | | | | **TOTAL** | **$4,402.00** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 9.1 | **-NONE-** | | | | | | | |
| | | | | | | | TOTAL | $0.00 |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 10.1 | -NONE- | | | | | | | | |
| | | | | | | | | TOTAL | $0.00 |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $56,736.00 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $56,736.00 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 11.48% |

| | |
|---|---|
| Estimated remaining payments | $4,942.66 |
| *+ amount paid to date by trustee (mod. plan only)* | $0.00 |
| = TOTAL estimated payments | $4,942.66 |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including complete legal description of real property)* |
|---|---|---|
| | -NONE- | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **-NONE-** | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 15.1 | **Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending. The trustee will only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 13 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan,** |

Local Form 3015-1
REVISED 09/2025

| | |
|---|---|
| | **send debtor monthly statements and are authorized to speak to debtor about post-petition payments.** |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | **5,044.00** |
| Maintenance of payments and cure of default, if any [Part 5] | $ | **36,051.34** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 7] | $ | **0.00** |
| Priority claims [Part 8] | $ | **4,402.00** |
| Domestic support obligation claims [Part 9] | $ | **0.00** |
| Separate classes of unsecured claims [Part 10] | $ | **0.00** |
| Timely filed unsecured claims [Part 11] | $ | **4,942.66** |
| TOTAL (must equal line 2.5) | $ | **50,440.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **/s/ Madison D. Newberg**
**Madison D. Newberg 0504467**
Attorney for debtor

Signed: **/s/ John Arthur Balko**
**John Arthur Balko**
Debtor 1

Signed: ______________________
Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: John Arthur Balko Case No. 25-44235

Debtor(s).

**SUMMARY OF AMENDMENTS TO VOLUNTARY PETITION,
LISTS, SCHEDULES AND STATEMENTS**

1. Attached to this form are the following amended documents:

- ☐ Petition
- ☐ Schedule A/B
- ☐ Schedule C
- ☐ Schedule D
- ☐ Schedule E/F
- ☐ Schedule G
- ☐ Schedule H
- ☐ Schedule I
- ☑ Schedule J
- ☐ Schedule J-2
- ☑ Summary of assets and liabilities and certain statistical information (note that this Summary MUST BE submitted with any amended schedule)
- ☐ Statement of financial affairs
- ☐ Statement of intention
- ☐ Statement of current monthly income/means test calculation
- ☐ Other (specify):

2. For each amended document attached, clearly identify all changes (additions and deletions) to the amended document when compared with the original or most recent amendment:

Schedule J: Changes are underlined and lined out.

Summary of Assets and Liabilities: Changes are underlined and lined out.

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | John Arthur Balko | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MINNESOTA | | |
| Case number (if known) | 25-44235 | | |

☐ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information 12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.**

### Part 1: Summarize Your Assets

| | Your assets<br>Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B | $ 437,000.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B | $ 26,778.00 |
| 1c. Copy line 63, Total of all property on Schedule A/B | $ 463,778.00 |

### Part 2: Summarize Your Liabilities

| | Your liabilities<br>Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 212,227.00 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* | $ 402.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* | $ 56,736.00 |
| **Your total liabilities** | $ 269,365.00 |

### Part 3: Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I* | $ 6,961.00 |
| 5. *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J* | $ 6,121.00 |

### Part 4: Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■ Yes

7. **What kind of debt do you have?**

■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts**. You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Debtor 1 John Arthur Balko    Case number *(if known)* 25-44235

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14. $ **5,212.00**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| **From Part 4 on *Schedule E/F*, copy the following:** | **Total claim** |
| --- | --- |
| 9a. Domestic support obligations (Copy line 6a.) | $ **0.00** |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ **402.00** |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ **0.00** |
| 9d. Student loans. (Copy line 6f.) | $ **45,699.00** |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ **0.00** |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | **+**$ **0.00** |
| 9g. **Total.** Add lines 9a through 9f. | $ **46,101.00** |

**Fill in this information to identify your case:**

Debtor 1 **John Arthur Balko**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: DISTRICT OF MINNESOTA

Case number **25-44235**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

# Official Form 106J

## Schedule J: Your Expenses

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Describe Your Household

1. **Is this a joint case?**
   - ☑ No. Go to line 2.
   - ☐ Yes. **Does Debtor 2 live in a separate household?**
     - ☐ No
     - ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ☑ No

   Do not list Debtor 1 and Debtor 2. ☐ Yes. Fill out this information for each dependent.............

   Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   - ☑ No
   - ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

| | | | Your expenses |
|---|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ | 2,135.00 |
| | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 150.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | 0.00 |

Debtor 1 John Arthur Balko Case number (if known) 25-44235

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | 450.00 |
| | 6b. Water, sewer, garbage collection | 6b. $ | 300.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 350.00 |
| | 6d. Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 600.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 100.00 |
| 10. | **Personal care products and services** | 10. $ | 100.00 |
| 11. | **Medical and dental expenses** | 11. $ | 255.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 650.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 120.00 ~~200.00~~ |
| 14. | **Charitable contributions and religious donations** | 14. $ | 60.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | 0.00 |
| | 15b. Health insurance | 15b. $ | 0.00 |
| | 15c. Vehicle insurance | 15c. $ | 357.00 |
| | 15d. Other insurance. Specify: Boat Insurance | 15d. $ | 15.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: Vehicle registration | 16. $ | 4.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. Other. Specify: | 17c. $ | 0.00 |
| | 17d. Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| | 20a. Mortgages on other property | 20a. $ | 0.00 |
| | 20b. Real estate taxes | 20b. $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: Pet Expenses | 21. +$ | 250.00 |
| | Interlock Breathlyzer | +$ | 145.00 |
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 6,001.00 ~~6,121.00~~ |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 6,001.00 ~~6,121.00~~ |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 6,961.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 6,001.00 ~~6,121.00~~ |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | 960.00 ~~840.00~~ |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes. Explain here:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

John Arthur Balko
Debtor(s)

Case No. 25-44235

Chapter 13

## DECLARATION OF MAILING CERTIFICATE OF SERVICE

On 8/5/2026, I did cause a copy of the following document(s), described below:

Notice of Confirmation Hearing, Modified Ch. 13 Plan, Amended Summary & Schedules, Amended Pre-Confirmation Application for Compensation

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein. Said mailing matrix was downloaded from the District of Minnesota Bankruptcy Court's official court matrix on 8/5/2026.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/5/2026

/s/ Madison D. Newberg
Madison D. Newberg
Bar No. 0504467
LifeBack Law Firm, PA
13 7th Avenue South
Saint Cloud MN 56301-0000
320-252-0330
madison@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 25-44235 |
| John Arthur Balko | Chapter 13 |
| Debtor(s) | |

## CERTIFICATE OF SERVICE DECLARATION OF MAILING

On 8/5/2026, I did cause a copy of the following document(s), described below:

Notice of Confirmation Hearing, Modified Ch. 13 Plan, Amended Summary & Schedules, Amended Pre-Confirmation Application for Compensation

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/5/2026

Melissa Membrino
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602
(949) 222-1212
declaration@stretto.com

I certify that on 8/5/2026, I caused a copy of the Notice of Confirmation Hearing, Modified Ch. 13 Plan, Amended Summary & Schedules and Amended Pre-Confirmation Application for Compensation to be served by First Class United States Mail service, with adequate postage to ensure delivery to:

EXHIBIT

| | | | | | |
|---|---|---|---|---|---|
| ECMC | | | PO Box 16408 | | St. Paul MN 55116-0408 |
| Minnesota Department of Revenue | | | Bankruptcy Section | PO Box 64447 | St Paul MN 55164-0447 |
| Rocket Mortgage, LLC | | Wilford Geske & Cook, P.A. | 7616 Currell Blvd | Ste 200 | Woodbury MN 55125-2296 |
| United States Attorney | | | 600 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| Minneapolis | | | 301 Diana E. Murphy U.S. Courthouse | 300 South Fourth Street | Minneapolis MN 55415-1320 |
| AFFINITY PLUS FEDERAL CREDIT UNION | | | ATTN BANKRUPTCY DEPARTMENT | 175 W LAFAYETTE FRONTAGE ROAD | SAINT PAUL MN 55107-1420 |
| Ascendium Education Solutions, Inc | | | PO Box 8961 | | Madison WI 53708-8961 |
| BlueCross BlueShield | | | PO Box 64560 | | Saint Paul MN 55164-0560 |
| Carver County District Court | | | 604 E Fourth St | | Chaska MN 55318-2102 |
| CENTERPOINT ENERGY | | | PO BOX 1700 | | HOUSTON TX 77251-1700 |
| Citi Bank | | | 701 East 60th Street North | | Sioux Falls SD 57104-0432 |
| City of Minnetonka | | | 14600 Minnetonka Blvd | | Minnetonka MN 55345-1597 |
| Comenity Bank/Kay Jewelers | | | Attn: Bankruptcy Dept | Po Box 182125 | Columbus OH 43218-2125 |
| Dana F Cole & Company, Inc | | | 1248 ’O’ Street | Ste 500 | Lincoln NE 68508-1498 |
| Dept Of Education/neln | | | Po Box 82561 | | Lincoln NE 68501-2561 |
| Diversified Adjustment Service | | | PO Box 32145 | | Fridley MN 55432-0145 |
| Emergency Provider Services | | | PO Box 856561 | | Minneapolis MN 55485-6561 |
| FirstCredit | | | PO Box 630838 | | Cincinnati OH 45263-0838 |
| Firstsource Advantage | | | 205 Bryant Woods South | | Amherst NY 14228-3609 |
| HCMC | | | PO Box 1238 | | Minneapolis MN 55440-1238 |
| Health Partners | | | 8170 33rd Ave S | | Blomington MN 55425-1614 |
| Internal Revenue Service | | | Centralized Insolvency | PO Box 7346 | Philadelphia PA 19101-7346 |
| LOGS Legal Group LP | | | 1715 Yankee Doodle Road | Suite 210 | Eagan MN 55121-1698 |
| Lloyd’s Construction Services | | | 6528 County Rd 101 | | Shakopee MN 55379-9054 |
| MN Dept of Revenue | | | Attn: Denise Jones | PO Box 64447 | Saint Paul MN 55164-0447 |
| MN Eye Consultants, PA | | | 9801 Dupont Avenue South | Suite 425 | Bloomington MN 55431-3873 |
| Messerli & Kramer | | | 3033 Campus Drive | Suite 250 | Plymouth MN 55441-2685 |
| Methodist Hospital | | | 6500 Excelsior Blvd | | St. Louis Park MN 55426-4700 |
| Metropolitan Anesthesia Networ | | | PO BOX 47159 | | Plymouth MN 55447-0159 |
| Midland Credit Management | | | 2780 Snelling Avenue N ste 101 | | Roseville MN 55113-7115 |
| Midland Credit Management, Inc. | | | PO Box 2037 | | Warren MI 48090-2037 |
| Minnesota Unemployment Ins. | | | Attn: Bankruptcy Department | PO BOX 4629 | Saint Paul MN 55101-4629 |
| Mr Cooper | | | PO Box 818060 | | Cleveland OH 44181-8060 |

| | | | | | |
|---|---|---|---|---|---|
| North Memorial Health | | | 3300 Oakdale Ave N | | Minneapolis MN 55422-2900 |
| Park Nicollet | | | PO BOX 773217 | | Detroit MI 48277-3190 |
| Park Nicollet Methodist Hosp | | | 14700 28th Ave N | Ste 20 | Plymouth MN 55447-4876 |
| Pawn America Fridley | | | 789 53rd Ave N.E. | | Fridley MN 55421-1240 |
| Progressive | | | PO BOX 0561 | | Carol Stream IL 60132-0561 |
| Quantum3 Group LLC as agent for | | | Comenity Bank | PO Box 788 | Kirkland WA 98083-0788 |
| Retina Consultants of MN | | | P.O. Box 860668 | | Minneapolis MN 55486-0604 |
| Robert Lawrence Landis | | | 3837 Westbury Drive | | Saint Paul MN 55123-2077 |
| Rocket Mortgage, LLC s/b/m Nationstar Mortga | | | Attn: Bankruptcy Dept. | PO Box 619096 | Dallas TX 75261-9096 |
| Suburban Waste Services | | | 12400 Princeton Avenue | Suite J | Savage MN 55378-1366 |
| US DEPARTMENT OF HOUSING AND URBAN DEVELOP | | | 477 MICHIGAN AVE #1600 | | DETROT MI 48226-2564 |
| US Department of Education | | | PO Box 16448 | | Saint Paul MN 55116-0448 |
| Wells Fargo Bank | | | PO BOX 94435 | | Albuquerque NM 87199-4435 |
| Wells Fargo Bank NA | | | Attn: Bankruptcy | P.O.Box 393 | Minneapolis MN 55480-0393 |
| Wells Fargo Bank, N.A., Wells Fargo Card Ser | | | PO Box 10438, MAC F8235-02F | | Des Moines IA 50306-0438 |
| Wells Fargo Visa | | | Card Services | PO Box 522 | Des Moines IA 50306-0522 |
| XCEL ENERGY | | ATTN BANKUPTCY DEPARTMENT | 414 NICOLLET MALL | MINNEAPOLIS 55401-1993 | |
| hennepin Healthcare | | | PO BOX 860048 | | Minneapolis MN 55486-0048 |
| John Arthur Balko | | | 4435 Baker Rd | | Minnetonka MN 55343-8685 |
| Wesley W. Scott | | | LifeBack Law Firm, PA | 13 Seventh Ave S | St Cloud MN 56301-4259 |